## JOHN CORBETT vs. FITCHBURG RAILROAD COMPANY.

The fact that an assignment of the future earnings of a workman has been recorded under the St. of 1865, c. 43, § 2, is not constructive notice of the assignment to his employer who has been summoned as trustee in a suit against him.

Upon an issue whether a railroad company had notice of an assignment of his wages by one of their workmen, it appeared that the assignee presented the assignment to the general agent of the transportation and freight department at one end of the railroad, under whose orders the workman was, and who hired and discharged men, but did not pay them; that the agent told the assignee that if the assignment was sent on to the general office, the workman would lose his place; and that the assignee took the assignment away. *Held*, that a ruling by the judge that these facts, as matter of law, proved actual notice to the company, was erroneous.

CONTRACT to recover $40 for work and labor. The answer alleged that all money due from the defendants to the plaintiff had been attached on trustee process upon a writ against the plaintiff, and paid over by them on such process before this action was begun.

At the trial in this court, before *Scudder*, J., it appeared that this action was brought for the benefit of Owen Halpin, who held an assignment of the plaintiff's wages, dated August 6, 1870, and recorded on the same day in the office of the town clerk of Fitchburg, where the plaintiff lived; that this assignment was made in good faith and for a valuable consideration, and embraced all wages due to the plaintiff from the defendants up to April 1, 1871; that the trustee writ was sued out January 2, 1871; judgment rendered thereon January 16, and the sum due the plaintiff paid over by the defendants on the execution about the same time.

Lysander B. Jaquith, a witness called by the plaintiff, gave the following testimony, which was admitted to be true:

" I was agent of the defendants in 1870. I was general agent of the transportation and freight department at the Fitchburg end of the road. I kept the time of the men in my employ, but had nothing to do with their pay, nor with the payments of money. All payments were made by the paymaster, who had his office in Boston. I hired and discharged men, and nearly all of them at this end of the road, including the plaintiff, were in my employ,

Trustee writs were left with me, and in such cases I would generally go to the defendant and tell him he would lose his place, if the writs were sent down to the general office. If the writs were not settled, I used to send them down to the general office, and that was the last I ever heard of them. I never had an assignment left with me. There was no other general agent in this county. Some time in September 1870, Halpin came to me and told me he had an assignment of the plaintiff's wages. He presented an assignment of the plaintiff's pay. I told him that the plaintiff would lose his place, if that was sent on to the general office. I do not remember what reply he made, but he took it and went away, and that was the last I saw or heard of it."

It was admitted that if the foregoing facts did not constitute a defence, the defendants were liable. The judge ruled that the notices were sufficient and the defendants liable, and the defendants alleged exceptions.

*C. H. B. Snow*, for the defendants.

*G. A. Torrey*, for the plaintiff.

MORTON, J. The defendants, having, in good faith, paid, in the suit in which they were summoned as trustees of the plaintiff, the amount due him, are protected by such payment, unless they were notified of the assignment to Halpin.

The record of the assignment in the office of the town clerk of Fitchburg was not equivalent to notice to the defendants. The St. of 1865, *c.* 43, § 2, applies only to cases in which earnings are attached by the trustee process. In such cases no assignment of future earnings is valid against a trustee process unless it has been recorded. This provision is for the benefit of attaching creditors. But the third section provides that "such record shall not affect the rights or liability of the person or corporation from whom such earnings are due, otherwise than is provided in section two of this act." It is clear that a record of an assignment does not, under this statute, operate as a constructive notice to the person from whom the earnings assigned are due, so as to affect his liability in cases to which the statute is not applicable.

It was a question for the jury whether notice of the assignment was in fact given to the defendants. At the trial Jaquith, an

agent of the defendants, testified that Halpin presented to him an assignment of the plaintiff's wages, that he told Halpin that if it was sent to the general office of the defendants, the plaintiff would lose his place, and thereupon Halpin took the assignment and went away. This was the only evidence of notice to the defendants. It was competent for the jury, upon this evidence, to find that Halpin did not intend that notice should be given to the defendants, but intended to waive his assignment. If the understanding between him and Jaquith was that he was not to set up his assignment, and Jaquith was thereby induced not to send the assignment or notice of it to the officers of the defendants, there was no notice to them.

There was evidence in the case from which it was competent for the jury to find that the agency of Jaquith was such that notice to him would bind the defendants ; but it was for the jury to decide whether Halpin intended to and did give notice to Jaquith, or whether he intended to waive and withdraw his assignment. As this question of fact was not passed upon, and the presiding judge ruled as matter of law that the notice was sufficient, we think there must be a new trial. *Exceptions sustained.*